UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14023-CR-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MITCHELL PYGUM,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON THE SECOND SUPERSEDING PETITION FOR OFFENDER UNDER SUPERVISION (DE 40)**

**THIS CAUSE** came before me for consideration of the pending Second Superseding Petition for Offender under Supervision (the "Second Superseding Petition") (DE 40). Having conducted a hearing, I recommend as follows:

1. A Petition for Summons for Offender Under Supervision (the "Petition") was filed in this case on July 2, 2021. DE 28. The Petition alleged that Defendant had committed six violations of supervised release (Violation Numbers 1 through 6). On July 16, 2021, a Superseding Petition for Summons for Offender Under Supervision (the "Superseding Petition") was filed. DE 37. The Superseding Petition added one additional violation (Violation Number 7). On July 28, 2021, Defendant admitted Violation Numbers 1 through 3. The Government agreed to recommend dismissal of Violation Numbers 4 through 7 at time of sentencing. I issued a Report and Recommendation regarding Defendant's admissions. DE 39. That Report and Recommendation has not yet been adopted by the District Court.

2. On September 1, 2021, a Second Superseding Petition for Warrant for Offender Under Supervision (the "Second Superseding Petition") was filed. DE 40. The Defendant appeared before me on September 27, 2021 for a hearing on the Second Superseding Petition convened via videoconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, I find that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

3. The Second Superseding Petition alleges three new violations:

| | |
|---|---|
| **Violation Number 8** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On July 21 and 28, 2021, and again on August 4, 2021, the defendant submitted a urine specimen which tested positive for the presence of cocaine in [U.S. Probation's] local laboratory; and was subsequently confirmed positive by Alere Toxicology Services, Incorporated. |
| **Violation Number 9** | **Violation of Mandatory Condition**, by refusing to submit to drug testing. On August 12 and 17, 2021, the defendant failed to submit to drug testing as scheduled by Code-A-Phone. |
| **Violation Number 10** | **Violation of Standard Condition**, by failing to follow the instructions of the probation officer. As of August 18, 2021, the defendant failed to comply with the Code-A-Phone program as directed. |

4. At September 27, 2021 hearing, Defendant admitted Violation Number 8. The Government agreed to dismiss Violation Numbers 9 and 10 at time of sentencing.

5.     The possible maximum penalties faced by the Defendant for Violation Number 8 was read into the record by the Government.  The Defendant stated that he understood those penalties.

6.     I questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Number 8.  The Defendant acknowledged that he understood his rights in that regard and further understands that if his admission to Violation Number 8 is accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

7.     The Government proffered a factual basis for Defendant's admission to Violation Number 8.  The Defendant agreed that the facts proffered by the Government were true and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, I find that it establishes a sufficient factual basis to support Defendant's admission to Violation Number 8.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release as set forth in Violation Number 8, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 29th day of September, 2021.

                                                            _____
                                                            SHANIEK M. MAYNARD
                                                            UNITED STATES MAGISTRATE JUDGE